RECEIVED-CLERK
U.S. DISTRICT COURT

2007 JAN 24 A 11: 55

**COFFEY KAYE MYERS & OLLEY**
**BY:   MICHAEL J. OLLEY, ESQUIRE**
**IDENTIFICATION NO. 56118**
Suite 718, Two Bala Plaza
Bala Cynwyd, PA 19004
(610) 668-9800                    Attorneys For: Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNEY THOMPSON, | CIVIL ACTION 07CV 377 (KSH) |
| Plaintiff | |
| vs. | |
| NORFOLK SOUTHERN RAILWAY COMPANY a/k/a NORFOLK SOUTHERN CORPORATION | JURY TRIAL DEMANDED |
| Defendant | NO. |

## COMPLAINT

**COUNT ONE- FIRST EXPOSURE 11/29/04**

1.   The plaintiff herein is Johney Thompson, a citizen and resident of the State of New Jersey, residing therein at P.O. Box 441, Newark.

2.   This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., 20301, et seq., and "The Federal Locomotive Inspection Act," Title 49 U.S.C.A., 20701, et seq.

1

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of one or more states of the United States of America and does business in the District of New Jersey.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

9. The accident herein referred to was caused solely and exclusively by the

negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10. On or about November 29, 2004, and for sometime prior thereto, plaintiff was employed by the defendant. On that date, in the performance of his duties, plaintiff was assigned to operate a train from an engine believed to be identified as NS8207. On the aforementioned date, said locomotive was in a defective, unsafe and dangerous condition and emitted diesel and other toxic fumes. On the aforementioned date, as a result of the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, and further due to its violation of the Federal Locomotive Inspection Act, plaintiff was caused to be exposed to and to inhale toxic fumes, including diesel fumes, as a result of which he sustained the serious painful and permanent personal injuries more particularly hereinafter set forth.

11. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Locomotive Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injury to his eyes, nose and throat; burning and irritation of eyes, nose and throat; neurological injuries; hypertensive encephalopathy; headaches; syncope and collapse. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

## COUNT TWO- SECOND EXPOSURE 3/15/06

13. The plaintiff herein is Johney Thompson, a citizen and resident of the State of New Jersey, residing therein at P.O. Box 441, Newark.

14. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., 20301, et seq., and "The Federal Locomotive Inspection Act," Title 49 U.S.C.A., 20701, et seq.

15. The defendant is a corporation duly organized and existing under and by virtue of the laws of one or more states of the United States of America and does business in the District of New Jersey.

16. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

17. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

18. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

19. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

20. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the

future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

21. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

22. On or about March 15, 2006, and for sometime prior thereto, plaintiff was employed by the defendant. On that date, in the performance of his duties, plaintiff was located in a locomotive in the Croxten Yard, New Jersey. As a result of the negligence of the defendant its agents, servants, workmen and/or employees, and further due to its violation of the Federal Locomotive Inspection Act, plaintiff was caused to be exposed to dangerous and toxic fumes, including but not limited to diesel fumes, as a result of which he sustained the serious painful and permanent personal injuries more particularly hereinafter set forth.

23. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Locomotive Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

24. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to his eyes, nose and throat; burning and irritation of eyes, nose and throat; neurological injuries; hypertensive encephalopathy; headaches; syncope and collapse and aggravation or exacerbation of prior respiratory and neurological conditions. Some or all of the

above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

COFFEY KAYE MYERS & OLLEY

BY: _____
MICHAEL J. OLLEY
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

## CASE MANAGEMENT TRACK DESIGNATION FORM

Johney Thompson                         :     CIVIL ACTION
                                        :
           v.                           :
Norfolk Southern Corporation            :
                                        :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                                                    ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.                                              ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.                                                       (x)

1/23/17
(Date)

_Michael J. Olley_
Attorney-at-law

Michael J. Olley

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

FOR THE U.S. DISTRICT OF New Jersey DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: P.O. Box 441, Newark, NJ 07101

Address of Defendant: Law Dept., Three Commercial Place, Norfolk, VA 23510

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☒ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Michael J. Oley, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/23/07   _Michael J Olley_   56118
                 Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/23/07   _Michael J Olley_   56118
                 Attorney-at-Law     Attorney I.D.#